UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DARYL KLUMP,

        Plaintiff,                    Civil Action No. 14-12428
                                         Honorable Linda V. Parker
                v.              Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 9, 11]**

       Plaintiff Daryl Klump appeals a final decision of Defendant

Commissioner of Social Security ("Commissioner") denying his application

for disability insurance benefits ("DIB") and supplemental security income

benefits ("SSI") under the Social Security Act (the "Act"). The parties filed

motions for summary judgment, and the Honorable Linda V. Parker

referred this matter for a Report and Recommendation pursuant to 28

U.S.C. § 636(b)(1)(B). [R. 2].  The Court finds that the decision by the

administrative law judge ("ALJ") is not supported by substantial evidence,

and thus **RECOMMENDS** that:

- Klump's motion **[R. 9]** be **GRANTED** in part, to the extent it requests

remand;

- the Commissioner's motion **[R. 11]** be **DENIED**; and,

- the Commissioner's decision **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further consideration consistent with this Report and Recommendation.

## I.    BACKGROUND

### a.  Procedural Background and Klump's Claimed Disabilities

Klump was born in August 1963, making him forty-seven when he applied for disability benefits in March 2011. [R. 6-2, Tr. 16; R. 6-3, Tr. 87]. He alleged a disability onset date of November 14, 2004; however, he was previously denied benefits in a prior decision dated September 24, 2007. [R. 6-3, Tr. 76-84]. Therefore, the ALJ only considered whether Klump was disabled from September 25, 2007 onward, citing *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) and Social Security Administration Acquiescence Ruling 98-4(6). [R. 6-2, Tr. 16, 28].  Klump alleged that he was disabled by mental conditions (memory, head injury and depression) and physical conditions (back, shoulders, hip and no thyroid gland).  [R. 6-6, Tr. 200].  After a hearing, the ALJ determined that Klump was not disabled. [R. 6-2, Tr. 30]. The Appeals Council denied review, making the

ALJ's decision the final decision of the Commissioner. [*Id.,* Tr. 1-3]. Klump timely filed for judicial review. [R. 1].

### b. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[1] Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 1520(c); 920(c).

3

functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Klump was not disabled. At step one, the ALJ determined that Klump had not engaged in substantial gainful activity since September 25, 2007. [R. 6-2, Tr. 18]. At step two, the ALJ identified severe impairments of "degenerative disc disease, history of head injury, bilateral shoulder injury, major depressive disorder, generalized anxiety disorder, and alcohol dependence–in remission." [*Id.*, Tr. 19]. At step three, the ALJ determined that none of Klump's impairments, either alone or in combination, met or medically equaled a listed impairment. [*Id.*]. In making this determination, the ALJ found that Klump had no more than mild limitations in activities of daily living, mild difficulties in social functioning, and moderate difficulties in maintaining concentration, persistence and pace with no episodes of decompensation that have been of extended duration. [*Id.*, Tr. 20-21].

4

Next, the ALJ assessed Klump's RFC, finding him capable of

performing light work with the following limitations:

> [T]he claimant can never use bilateral use of foot controls. He
> can never perform any overhead reaching bilaterally, above
> shoulder level. He can never perform any crawling, crouching,
> climbing of ladders or scaffolds, squatting or kneeling. He can
> never be exposed to extreme cold, due to complaints of pain.
> The claimant is limited, generally, to simple, routine tasks. To
> reduce stress, he is limited to simple, work-related decisions.
> He should have no more than occasional contact with the
> general public.

[*Id.*, Tr. 22]. At step four, the ALJ concluded that Klump has no past

relevant work. [*Id.*, Tr. 29]. At step five, with the assistance of VE testimony,

the ALJ determined that a hypothetical claimant matching Klump's profile

could perform a substantial number of jobs in the national economy, such

that he was not disabled, including packager (460,000 jobs nationally),

cleaner (750,000 jobs) and inspector (11,000 jobs). [*Id.*, Tr. 30].

## II.   ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining

whether the Commissioner's decision is supported by substantial evidence

and was made in conformity with proper legal standards. *Gentry v. Comm'r*

*of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is

"more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Klump's prior attorney of record filed a motion for summary judgment, but that attorney and his firm's representation of Klump was terminated from this and other Social Security cases due to malfeasance. [*See* R. 15; 13-cv-14544, R. 16-4].  The malfeasance came to light after the attorney was "repeatedly criticized by judicial officers in this district, and the relief requested therein routinely denied, due to their 'conclusory assertions' and lack of any developed argument." [14-cv-10251, R. 13, PgID 574]. After his attorney's termination from this case, Klump was given an opportunity to file another motion for summary judgment, [R. 21], but he did not do so. The Court has therefore considered the arguments in the motion filed by Klump's prior attorney, but it suffered from the same deficiencies previously described. Therefore, in the interest of justice, the Court has independently considered the evidence in the record.

Upon independent review, the Court finds that the ALJ's erred at step three in failing to obtain a medical opinion on the issue of equivalency

6

relating to Klump's physical impairments and that the ALJ's assessment of Klump's RFC is not supported by substantial evidence.

## A.

While the record contains an opinion regarding medical equivalency from Wayne Hill, Ph.D. as to Klump's mental impairments, the only such opinion regarding his physical impairments comes from Lynn Aurilio, a "single decisionmaker" ("SDM"). [R. 6-3, Tr. 87-110]. Under the SDM model, non-medical agency employees may render an initial denial without expert opinions on the issue of equivalency or disability. 20 C.F.R. §§ 404.906(b)(2), 416.1406(b)(2). The ALJ did not expressly rely on the SDM's opinion in finding no medical equivalency to a listed impairment; however, she failed to follow SSR 96–6p, which "requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." SSR 96–6p, 1996 WL 374180, at *3 (July 2, 1996).  Most courts in this district agree that, when a SDM renders the initial denial, a medical opinion on the issue of equivalency is necessary at the administrative hearing stage.  *See, e.g., Fowler v. Comm'r of Soc. Sec.*, No. 12-12637, 2013 WL 5372883, at *4 (E.D. Mich. Sept. 25,

7

2013) ("[O]nce a hearing is requested, SSR 96–6p is applicable, and requires a medical opinion on the issue of equivalence.").

Here, a SDM determined that Klump's physical impairments did not meet or equal a Listing. [R. 6-3, Tr. 97, 109]. At the hearing stage, the ALJ analyzed Klump's ability to meet or medically equal Listings 1.02 and 1.04 without the benefit of a medical opinion. [R. 6-2, Tr. 19].  Under SSR 96–6p, this was error.

Although this type of error may be considered harmless error when the evidence overwhelmingly demonstrates that the claimant could not meet the elements of a given listing, (*see e.g. Bukowski v. Comm'r of Soc. Sec.*, No. 13-CV-12040, 2014 WL 4823861 (E.D. Mich. Sept. 26, 2014)), such is not the case here. "[C]ourts generally should exercise caution in conducting harmless error review in this context" because "it may be difficult, or even impossible, to assess . . ." *Rabbers v. CSS,* 582 F.3d 647, 657–658 (6th Cir. 2009). *See also Harris v. Comm'r of Soc. Sec.*, No. 12-10387, 2013 WL 1192301, at *8 (E.D. Mich. Mar. 22, 2013) (court lacked medical expertise to determine whether impairments met equivalency requirement).

Here, the Disability Determination Explanation stated that a consultative examination should be "required" because "[a]dditional

8

evidence is required to establish current severity of the individual's impairment(s)." [R. 6-3, Tr. 90]. Additionally, although the ALJ claimed the record was devoid of any evidence satisfying the criteria for the Listings, a review of the record reveals at least "conflicting or inconclusive evidence" related to Klump's ability to meet or medically equal a listing. *Rabbers,* 582 F.3d at 657.

Klump was seen on several occasions from 2007 to 2013 for shoulder, neck, and back pain, [R. 6-7, Tr. 409, 410, 415, 416, 417, 428, 443-44, 451-52, 461-62, 506-09, 529-33, 559-64], and complained of pain during numerous medical visits for other issues. [R. 6-7, Tr. 282, 283-84, 285, 287, 289, 290, 293-94, 295-296, 297-99, 302-03, 304-05, 306-07, 308-09, 310-11, 312-13, 335-45, 401-03, 404-05, 408, 503-05, 568-570]. During examinations, he was described as experiencing pain, tenderness and muscle spasms, and as having slow, pained ambulation and "barely walking."  [*Id.*, Tr. 529-32, 538-43, 551, 562].  Klump was prescribed a number of medications, including Tramadol, Flexeril and Valium for his back pain and spasms.  [*Id.*].

Diagnostic imaging revealed that Klump suffers from degenerative spinal diseases which appear to have worsened over time. In October 2007 (after the September 2007 prior decision denying disability benefits),

9

imaging showed that Klump suffered from facet arthritis with "extensive
degenerative disc disease at L5-S1," slight narrowing at L4-5 and possibly
at L3-4. [*Id.*, Tr. 429]. By November 2012, the degenerative disc disease at
L5-S1 was deemed severe, and a "small right lower pole renal calculus"
was noted.  [*Id.*, Tr. 527]. After Jose Mari G. Jurado, M.D., conducted an
EMG examination and assessment in January 2013, he opined that Klump
also had mild axonal demyelinating neuropathy with bilateral S1
radiculopathy (mild with denervation) and bilateral carpal tunnel syndrome
(mild with superimposing median neuropathy).  [*Id.*, Tr. 571].  According to
Dr. Jurado, Klump suffers pain that "is rather complex" and that requires
further electrodiagnostic study in order to develop an appropriate treatment
plan. [*Id.*, Tr. 571-72].

This Court lacks the expertise to determine whether this evidence
may meet or be equivalent to the criteria for a Listing, and thus remand with
instruction to obtain a medical opinion is warranted.  *Harris*, 2013 WL
1192301 at *8.

**B.**

The lack of a medical opinion also renders the ALJ's RFC
assessment unsupported by substantial evidence.

> Unless substantial evidence supports a determination of a
> claimant's RFC based solely on the non-medical evidence, an

10

> ALJ's RFC finding must be supported by at least one medical
> opinion. When determining a claimant's RFC, 'ALJs must not
> succumb to the temptation to play doctor and make their own
> independent medical findings.' *Simpson v. Commissioner*, 2009
> WL 2628355 (6th Cir.) (quoting *Rohan v. Secretary*, 98 F.3d
> 966, 970 (7th Cir.1996)). As lay individuals, ALJs are simply not
> qualified to 'interpret raw medical data in functional terms.'
> *Deskin v. Commissioner*, 60 F .Supp.2d 908, 912 (N.D.Ohio
> 2008)

*Brown v. Colvin*, No. 5:12-CV-00145-LLK, 2013 WL 1703885, at *1 (W.D.

Ky. Apr. 19, 2013).  The ALJ was not qualified to interpret Klump's imaging

and clinical examinations and, compounding the error, the ALJ

mischaracterized that evidence.

Contrary to the evidence cited above indicating that Klump suffered

from muscle spasms and slow ambulation, [R. 6-7, Tr. 529-32, 538-43,

551, 562], the ALJ stated that Klump's musculoskeletal examinations were

"unremarkable, with findings limited to subjective allegations of

tenderness," and that his gait was normal. [R. 6-2, Tr. 24]. She diminished

the significance of the 2012 finding that Klump suffered from severe

degenerative disc disease by stating that that finding was limited to one

location of the spine, and she claimed that he was treated successfully with

medication, but Dr. Jurado opined that Klump also had neurological

disorders and that further testing was necessary to determine how to treat

Klump's "rather complex" back pain.  [*Id.*, Tr. 24-25; R. 6-7, Tr. 571-72].

11

Moreover, the ALJ alleged that there was no medical explanation for Klump's alleged worsening symptoms since December 2011, despite imaging showing severe degenerative disc disease in November 2012 and Dr. Jurado's opinion describing Klump's complex pain issues.  [R. 6-2, Tr. 25].

Notably, the ALJ who rendered the 2007 decision described Klump as having severe impairments that included degenerative arthritis in his acromioclavicular joint (shoulder), but not severe degenerative disc disease in S1-L5 (the low back) or the neurological disorders, so these latter conditions appear to have arisen after the 2007 decision.  [R. 6-3, Tr. 78]. Yet, the instant ALJ assessed an RFC with postural restrictions that were unchanged from the 2007 RFC assessment.  [R. 6-2, Tr. 22; R. 6-3, Tr. 79]. She imposed the same postural RFC without the assistance of a medical opinion, interpreting raw medical data in a manner that was indisputably outside of her expertise.  Given that, and given the ALJ's mischaracterization of the record, her decision should be reversed and remanded for further consideration.

## C.

In the motion for summary judgment that was filed on Klump's behalf,

12

he argued that the ALJ erred when she found him less than credible. Although this Court is recommending remand on other grounds, the ALJ should be instructed to reconsider her evaluation of Klump's credibility in light of any additional medical evidence used to determine whether Klump's physical impairments meet or equal a Listing, and to assess his RFC.

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Klump's motion for summary judgment **[R. 9]** be **GRANTED** in part, the Commissioner's motion **[R. 11]** be **DENIED**, and the Commissioner's decision be **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 26, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

13

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 26, 2016.

s/Marlena Williams_____
MARLENA WILLIAMS
Case Manager
